# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHRISTINE CICCARELLI, as Next of )
Friend of the Minor, FRANCESCA )
CICCARELLI, )
                            )
         Plaintiff, )
                            )
         v. )        C.A. No. N15C-02-009 CLS
                            )
VICTORIA CICCARELLI and )
EDMUND SMITH, )
                            )
         Defendants. )

## ORDER

On this 3rd day of August, 2016, and upon Defendant Victoria Ciccarelli's ("Defendant Ciccarelli") Motion for Summary Judgment, the Court finds as follows:

Plaintiff, Christine Ciccarelli, as next of friend of the minor, Francesca Ciccarelli, ("Plaintiff") filed this negligence action against Defendant and Defendant Edmund Smith ("Defendant Smith") on February 2, 2015, arising out of a motor vehicle collision involving the Parties, which purportedly took place on January 17, 2013. On April 15, 2016, Defendant Ciccarelli moved for summary judgment, arguing that Plaintiff's recent deposition testimony clearly indicates that Defendant Ciccarelli did nothing to cause or contribute to the collision, contrary to the allegations set forth in the complaint and the police report.

On May 3, 2016, Plaintiff filed her response in opposition, arguing that Defendant Ciccarelli's motion is premature, because Defendant Smith was only recently served with the complaint on March 29, 2016, the deadline for completion of discovery has neither been established nor expired, and she intends to propound discovery, including the taking of the deposition of both Defendants, as soon as the deadline for Defendant Smith's response occurs. Further, such discovery may produce evidence or facts inconsistent with Plaintiff's deposition testimony, which would create an issue of fact, making summary judgment inappropriate.

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] Summary judgment should be denied "if it seems desirable to inquire more thoroughly into the facts or to clarify the application of the law."[2] If there is no applicable scheduling order in place setting forth a discovery deadline or if discovery is ongoing, a motion for summary judgment will likely be found premature.[3]

---

[1] Super. Ct. R. 56; *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[2] *Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg.*, 2002 WL 1335360, at *2 (Del. Super. June 13, 2002).

[3] *See e.g., Rivera v. Diamond State Port Corp.*, 2006 WL 1515829, at *1 (Del. Super. Apr. 6, 2006).

Defendant Ciccarelli's motion is premature, because discovery has yet to be completed and a discovery deadline has not been set.[4] Accordingly, Defendant Ciccarelli's motion is **DENIED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**

_Cal Scott_

The Honorable Calvin L. Scott, Jr.

cc:    Prothonotary

---

[4] The Court notes that, even if the motion were timely, it would still fail, because, as Defendant Ciccarelli herself points out, Plaintiff's deposition testimony directly contradicts the police report as to the events leading to the collision, which effectively constitutes a genuine issue as to material facts.